IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| ERICA LAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AUTOZONE STORES, INC., and | )   Case No.: 4:09-cv-00017 |
| LOUIS GIBSON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF DEFENDANT AUTOZONE STORES, INC.'S MOTION TO DISMISS

Defendant AutoZone Stores, Inc. ("AutoZone"), hereby submits this memorandum in support of its motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## INTRODUCTION

Plaintiff Erica Law has filed a complaint alleging three claims: (1) for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964; (2) for disability discrimination and retaliation under the Americans with Disabilities Act ("ADA"); and (3) for violation of the common law of intentional infliction of emotional distress. As discussed in greater detail below, Plaintiff Erica Law's complaint must be dismissed based on her failure to allege an adverse employment action resulting from race discrimination or retaliation, her failure to exhaust her administrative remedies or to plead a sufficient claim under the ADA, and her failure to allege sufficiently outrageous statements and conduct to warrant liability for intentional infliction of emotional distress.

1

## FACTS ALLEGED IN LAW'S COMPLAINT

Plaintiff alleges that she is employed by AutoZone as a salesperson at its store in Danville, Virginia. (Complaint, ¶ 9 ("Compl.")). The Complaint further alleges that on or about November 19, 2006,[1] she asked Defendant Louis Gibson, who was employed by AutoZone at that time as a parts sales manager, to provide her with change for a one hundred dollar bill. (Compl. ¶¶ 12, 13.) According to Plaintiff, Gibson gave her only $40.00 in exchange and told her not to worry about the $60.00 shortage. (Compl. ¶ 14.) The Complaint alleges that when Steve Davis, the store manager, counted Plaintiff's register and discovered the shortage that same day, he gave her a written reprimand, despite the fact that she told him about Gibson keeping the money. (Compl. ¶¶ 15, 16). She further alleges that Davis had previously given her written reprimands for being $20.00 short on August 15, 2007, and for being late on September 20, 2007. (Compl. ¶ 17).

Plaintiff contends that she confronted Gibson about the shortage on the following day, and in response to her allegations, Gibson allegedly replied by admitting he took the money and using a derogatory racial slur. (Compl. ¶¶ 18-20.) According to Plaintiff, at an unspecified time, she contacted "the district manager of AutoZone," whom she does not name in the Complaint, to complain about Gibson and Davis but "no immediate action was taken by AutoZone." (Compl. ¶¶ 21, 22.) Plaintiff also alleges that she complained that Davis had given her "written reprimands for actions that similarly situated whites did not receive." (Compl. ¶ 23.)

---

[1] This reference to 2006 appears to be a typographical error on Plaintiff's part, and Plaintiff most likely intended to allege that these events took place on or about November 19, 2007.

2

NEW/NEW/3115852v1

## **MOTION TO DISMISS STANDARD**

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The plaintiff has the burden of alleging facts sufficient to state all the elements of her claim. *Jordan v. Alternative Resources Corp.*, 458 F.3d 332, 346 (4th Cir. 2006). A claim not supported by factual allegations sufficient to "state a claim to relief that is plausible on its face" is subject to dismissal. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Recently, in *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937 (2009), the Supreme Court explained that "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. A court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). The *Iqbal* Court reiterated this tenet and noted, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. "[F]acts that are 'merely consistent with' a defendant's liability, . . . 'stop[] short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Although a court must accept the truth of "well-pleaded factual allegations," it should conduct a "context-specific" assessment of the complaint that "draw[s] on [a court's] judicial experience and common sense" to analyze whether the allegations "plausibly give rise to an entitlement to relief." *Id.* at 1950.

# ARGUMENT

### A. Plaintiff Has Failed to Plead a Prima Facie Case of Race Discrimination or Retaliation under Title VII.

Plaintiff alleges that AutoZone "discriminated against [her] because of her race by engaging in tolerating or failing to prevent the racial discrimination alleged above" and "by failing to take affirmative action to correct and redress the unlawful employment practices perpetrated against [her]." (Compl. ¶ 25). She also alleges that "each defendant discriminated against plaintiff …due to her opposition to the racial discrimination." (Compl. ¶ 26.)

Title VII provides that

> [i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a). To make out a prima facie case for employment discrimination, Plaintiff must show that: (1) she is a member of a protected class, (2) she was performing satisfactorily, (3) she suffered an adverse employment action, and (4) other similarly situated employees outside her protected class were treated more favorably. *See Austen v. HCA Health Services of Virginia, Inc.*, 5 Fed. Appx. 253, 254 (4th Cir. 2001) (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993)). To state a claim of retaliation, Plaintiff must allege that (1) she engaged in a protected activity; (2) her employer took an adverse employment action against her; and (3) there was a causal link between the two events. *See E.E.O.C. v. Navy Federal Credit Union*, 424 F.3d 397, 405-06 (4th Cir. 2005).

Because Plaintiff does not allege that she was subjected to any adverse

employment action, she has failed to state a claim under either theory of recovery. "[A]n adverse employment action includes any retaliatory act 'if, but only if' that act adversely affected the 'terms, conditions, or benefits' of [the plaintiff's] employment." *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 651-652 (4th Cir. 2002) (quoting *Von Gunten v. Maryland*, 243 F.3d 858, 866 (4th Cir. 2001)). "[A] complainant can demonstrate an 'adverse employment action' by showing, for example, that he was the subject of a discharge, demotion, decrease in pay or benefits, loss of job title or supervisory responsibility, or reduced opportunity for promotion." *Chaplin v. Du Pont Advance Fiber Systems*, 293 F. Supp. 2d 622, 627 (E.D. Va. 2003).

Plaintiff does not claim that she lost pay, benefits, or status as a result of the written reprimand. Plaintiff does not contend that AutoZone demoted, transferred, or terminated her. In fact, Plaintiff is currently employed by AutoZone in the same position she held on November 19, 2007. The only action taken by AutoZone identified in the complaint is a written reprimand. The law is clear in this Circuit that such a reprimand, without more, does not constitute an adverse employment action. *Prince-Garrison v. Maryland Dept. of Health and Mental Hygiene*, 317 Fed. Appx. 351, 353 (4th Cir. 2009) (finding that plaintiff's complaints, "such as her employer's failure to provide her with office supplies, *reprimands for insubordination*, meetings with supervisors, and directions to attend counseling," did not constitute adverse employment actions); *Amirmokri v. Abraham*, 437 F.Supp.2d 414, 423 (D.Md.2006), *aff'd*, 266 Fed. Appx. 274, (4th Cir. 2008) (holding that a letter of reprimand will not constitute an adverse employment action unless the letter of reprimand "affected the terms and conditions of his employment, his opportunities for advancement, or any other aspect of his career");

NEW/NEW/3115852v1

*Jeffers v. Thompson*, 264 F.Supp.2d 314, 330 (D. Md. 2003) (reprimand or poor performance review is not adverse employment action unless it works real harm to employment or is intermediate step to discharge); *Allen v. Rumsfeld*, 273 F.Supp.2d 695, 706 (D. Md. 2003) (low performance evaluations, reprimands, and counseling and communication card entries were not adverse employment actions); *Newman v. Giant Food, Inc.*, 187 F.Supp.2d 524, 528-29 (D. Md. 2002) (verbal warning and counseling letter did not constitute an adverse action); *Nye v. Roberts*, 159 F. Supp. 2d 207, 213-14 (D. Md. 2001) (holding that written reprimand did not constitute an adverse action because "reprimands do not automatically affect the terms and conditions of employment"); *Jackson v. Winter*, 497 F. Supp. 2d 759, 771 (E.D. Va. 2007) (finding that because Plaintiff's written reprimand had "no impact" on his "rank, salary, or employment benefits," it did not constitute an adverse employment action); *Dawson v. Rumsfeld*, 2006 WL 325867, at *7 (E.D. Va. Feb. 8, 2006) ("Disciplinary actions cannot constitute adverse employment actions where the disciplined employee does not lose pay or benefits as a result and where, after the discipline is effectuated, she maintains the same position."). Without any allegation of an adverse employment action by AutoZone, Plaintiff cannot state a prima facie case of race discrimination or retaliation; therefore, her Title VII claim must be dismissed.

Furthermore, Plaintiff does not allege a causal link between her complaint of discrimination and her receipt of any reprimand or other disciplinary action. Based on Plaintiff's recitation of the facts, she received three written reprimands *before* Gibson allegedly made his comment. (Compl. ¶¶ 16, 17, 18.) Plaintiff's complaint to the unidentified district manager occurred *after* she had received all three reprimands.

Therefore, Plaintiff cannot plausibly allege any causal link between the written reprimands and her complaint.

Because Plaintiff has failed to allege facts that would establish she suffered an adverse employment action or that there was a causal link between her complaint and the written reprimands she received, AutoZone submits that this claim should be dismissed.

### B. Plaintiff Has Failed to Exhaust Her Administrative Remedies or Plead a Sufficient Claim under the ADA.

Prior to filing an employment discrimination action in federal court, which includes any claim under the ADA, a plaintiff must file a charge of discrimination with the EEOC within 180 days of the alleged discriminatory activity. *See* 42 U.S.C. § 2000e-5(e)(1), (f); 42 U.S.C. § 12117(a). Any subsequent action that a plaintiff brings will be limited in scope to those claims contained in the EEOC charge. As observed by the Fourth Circuit:

> [T]he allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint.... [T]he factual allegations made in formal litigation must correspond to those set forth in the administrative charge. For example, the plaintiff's claim generally will be barred if his charge alleges discrimination on one basis-such as race-and he introduces another basis in formal litigation-such as sex.

*Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005) (citations omitted).

In *Dennis v. County of Fairfax*, 55 F.3d 151 (4th Cir. 1995), although the employee had filed a charge with the EEOC, he "nevertheless failed to exhaust his administrative remedies." *Id.* at 156. In his charge, the plaintiff did not address any allegation of discrimination in hiring, training, or promotion. As a result, the court found that the plaintiff's claims "raised under Title VII that exceeded the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof"

7

were "procedurally barred." *Id.*; *see also McIntyre-Handy v. APAC Customer Services, Inc.*, 422 F. Supp. 2d 611, 620 n.16 (E.D. Va. 2006) ("Since the EEOC exercises the same enforcement powers, remedies, and procedures in employment discrimination claims under Title VII as in employment discrimination claims under the ADA, the exhaustion principles that apply to claims under Title VII apply to claims under the ADA") (citing 42 U.S.C. §§ 12117(a), 12203(c) (2005)). *Spencer v. Ashcroft*, 147 Fed. Appx. 373, 375 (4th Cir. 2005) ("The ADA, in turn, follows the 'powers, remedies and procedures' set forth in Title VII of the Civil Rights Act of 1964, as amended. Thus, like a Title VII plaintiff, Spencer was required to exhaust her administrative remedies before instituting a lawsuit.").

In *Blanding v. Hayden*, 2008 WL 4774365 (E.D. Va. Oct. 28, 2008), the plaintiff filed a charge of discrimination with the EEOC but did not mark the box for disability discrimination, nor did the recitation of the plaintiff's allegations in the charge describe any type of discrimination based upon a disability. Accordingly, the court held that the plaintiff was barred from raising a claim for disability discrimination in her lawsuit based on her failure to raise it during the administrative proceedings. *Id.* at *5.

It is beyond dispute that Plaintiff's EEOC charge is limited solely to allegations of racial discrimination and never mentions the ADA nor alleges disability discrimination. In the body of her charge, Plaintiff described her allegations solely in terms of race discrimination. (*See* unmarked exhibit to Compl.) Furthermore, Plaintiff did not check the box to indicate any alleged disability discrimination or even claim that she is disabled in the body of her charge. (*See* unmarked exhibit to Compl.) Because Plaintiff failed to file an administrative charge of disability discrimination with the EEOC, her ADA claim

is procedurally barred.

In addition, the allegations of the Complaint do not meet the pleading standard articulated by the Supreme Court in *Iqbal, supra.* Other than the statement that Plaintiff "has a learning disability" (Compl. ¶ 4), and the bare allegation that Plaintiff was discriminated against and retaliated against on account of her disability (Compl. ¶ 31, 32), there is nothing in the Complaint that rises above the "threadbare recitals" and "mere conclusory statements" deemed insufficient by the Supreme Court. *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Because Plaintiff has failed to exhaust her administrative remedies or to plead a sufficient claim under the ADA, her claims under that statute should be dismissed.

**C. Plaintiff Has Failed to State a Claim for Intentional Infliction of Emotional Distress.**

While the Virginia Supreme Court has recognized the tort claim of intentional infliction of emotional distress ("IIED"), such claims are "not favored" in Virginia. *Womack v. Eldridge,* 210 S.E.2d 145 (Va. 1974). In order to state a claim for IIED, a plaintiff must allege facts sufficient to establish the following: (1) the conduct was intentional or reckless; (2) the conduct was outrageous or intolerable; (3) a causal connection existed between the conduct and the resulting emotional distress; and (4) the resulting emotional distress was severe. *See Harris v. Kreutzer*, 624 S.E.2d 24, 33 (Va. 2006); *Womack*, 210 S.E.2d at 148.

Plaintiff has failed to allege "outrageous and intolerable conduct." The Virginia Supreme Court has stated that liability has been found "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds

of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Russo v. White*, 400 S.E.2d 160, 162 (Va. 1991). A criminal or tortious act alone is not enough to satisfy the "outrageousness" element of an intentional infliction of emotional distress claim. *Id.* Moreover, the Virginia Supreme Court has held that "[i]nsensitive and demeaning conduct does not equate to outrageous behavior." *Harris*, 624 S.E.2d at 27.

In *Harris v. Kreutzer*, the Virginia Supreme Court held that allegations that the defendant "verbally abused [plaintiff], raised his voice to her, caused her to break down into tears in his office, stated she was 'putting on a show,' and accused her of being a faker and malingerer" were not sufficiently outrageous to state a claim for intentional infliction of emotional distress. *Harris*, 624 S.E.2d at 27. Likewise, in *Earley v. Marion*, 540 F. Supp. 2d 680 (W.D. Va. 2008), the plaintiff, a teacher, sued school officials asserting a claim under § 1983 and a Virginia state cause of action for IIED. *Id.* at 684. The plaintiff alleged that the school officials engaged in outrageous and intolerable conduct when she was "wrongly suspended" from her teaching position, harassed, and "subjected to mean-spirited rumors about her emotional and mental fitness to teach." *Id.* at 690. The court held that "none" of defendants' alleged behavior "rises to a level that could be considered outrageous or intolerable." *Id.* The court further stated that while the defendant's alleged conduct "may have been hasty, unkind or inconsiderate" it "did not rise anywhere near the level necessary to sustain a charge of intentional infliction of emotional distress." *Id.*

Plaintiff's allegations are insufficient to state a claim for IIED. Plaintiff alleges that on a *single* occasion, Defendant Gibson used a racial epithet to describe her.

NEW/NEW/3115852v1

Plaintiff does not allege that she has been subjected to any other similar statements or conduct by Gibson or any other AutoZone employee. Although this is a disturbing allegation, this one remark is not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society." *Russo*, 400 S.E.2d at 162. Several cases applying Virginia law have indicated that employment discrimination will not meet this demanding standard. *See, e.g., Webb v. Baxter Healthcare Corp.*, 57 F.3d 1067, 1995 WL 352485 (4th Cir. 1995) (concluding that plaintiff's allegations that she was repeatedly subjected to ridicule based upon her sex and her ethnicity, including her supervisor's comment that "You Jews are all alike," were not considered "utterly intolerable in a civilized society"); *Paroline v. Unisys Corp.*, 879 F.2d 100, 113 (4th Cir. 1989), *vacated and remanded in part on other grounds*, 900 F.2d 27 (4th Cir. 1990) (holding that plaintiff's claims that her supervisor repeatedly made sexually explicit remarks to her, rubbed her shoulders, kissed her, tried to hold her hand, and rubbed up and down her back did not "rise to the level of outrageousness required under the strict standards imposed by Virginia law"); *Simmons v. Norfolk & Western Railroad Co.*, 734 F. Supp. 230, 232 (W.D. Va. 1990) (finding that an employee's allegations that he was "cursed and screamed at in public" and "ordered from job to job to the accompaniment of cursing and shouting" were not sufficiently outrageous). Even if the Court assumes the veracity of Plaintiff's allegations, Plaintiff has failed to allege facts sufficient to establish outrageous and intolerable conduct and therefore cannot state a claim for IIED.

In addition to Plaintiff's failure to allege outrageous and intolerable conduct, Plaintiff also has failed to allege facts sufficient to establish that she suffered "severe"

emotional distress. "Liability for intentional infliction of emotional distress 'arises only when the emotional distress is extreme, and only where the distress inflicted is so severe that no reasonable person could be expected to endure it.'" *Harris*, 624 S.E.2d at 34 (quoting *Russo*, 400 S.E.2d at 163). A plaintiff generally must display an objective physical injury caused by the stress, have sought extensive medical attention and/or therapy, or have been rendered incapable of working or carrying out family responsibilities. *See Russo,* 400 S.E.2d at 163; *Harris*, 624 S.E.2d at 34.

In *Russo v. White,* in support of her claim for IIED, the plaintiff alleged that as a result of defendant's conduct, she was "nervous, could not sleep, experienced stress and 'its physical symptoms,' withdrew from activities, and was unable to concentrate at work." *Russo*, 400 S.E.2d at 163. The Virginia Supreme Court sustained the trial court's demurrer of plaintiff's IIED claim on the grounds that plaintiff had failed to allege that the emotional distress she suffered was "so severe that no reasonable person could be expected to endure it." *Id.*

Similarly, in *Harris v. Kreutzer,* the Virginia Supreme Court held that plaintiff had failed to plead facts sufficient to support the "severity" element of her IIED claim. *Harris*, 624 S.E.2d at 34. The plaintiff alleged that she suffered nightmares, difficulty sleeping, loss of self-esteem and depression requiring psychological treatment. *See id.* The court held that these symptoms were "nearly identical" to those suffered by the plaintiff in *Russo* and were similarly insufficient to satisfy the severity element of an IIED claim. *See id.*

Plaintiff's allegations of emotional distress are devoid of any claim that she suffered severe emotional distress. Here, Plaintiff alleges that as result of Defendants'

conduct she has suffered from "embarrassment, inconvenience, humiliation, loss of enjoyment of life, severe mental anguish, pain, [and] suffering." (Compl. ¶ 38.) But similar to the plaintiff in *Harris*, who claimed to have suffered from loss of sleep and depression – allegations which failed to satisfy the "severity" element of a claim for IIED – Plaintiff's alleged emotional distress is not sufficiently "severe" that "no reasonable person could be expected to endure it." *Harris*, 624 S.E.2d at 34; *see also Earley*, 540 F. Supp. 2d at 690 (holding that plaintiff's allegations that "she suffered from renewed anxiety, was forced to resume taking anti-anxiety medication, and lost approximately ten pounds in weight" were not sufficiently "severe" to establish a claim for IIED). Unlike the plaintiff in *Harris*, who sought professional counseling or therapy, Plaintiff has not alleged that she sought any professional counseling or treatment for her alleged emotional distress. Under well-established Virginia case law, because Plaintiff's emotional distress is not so severe that no reasonable person could be expected to endure it, Plaintiff cannot state a claim for IIED.

## IV. CONCLUSION

"[A]rmed with nothing more than conclusions," Plaintiff has presented a Complaint that fails to state a claim for relief. *Iqbal*, 129 S. Ct. at 1940. As a result, AutoZone respectfully asks this Court to grant its motion to dismiss.

                    Respectfully Submitted,
                    AUTOZONE STORES, INC.

                    By: /s/ Paul G. Klockenbrink
                         Of Counsel

Paul G. Klockenbrink (VSB No. 33032)
Leigh R. Strelka (VSB No. 73355)
GENTRY LOCKE RAKES & MOORE LLP
800 SunTrust Plaza
P.O. Box 40013
Roanoke, Virginia  24022-0013
Tele: (540) 983-9300
Fax:  (540) 983-9400
E-mail: paul_klockenbrink@gentrylocke.com
E-mail: leigh_strelka@gentrylocke.com
    **and**
Lisa A. Krupicka, Esq.   *(Motion for Admission Pro Hac Vice forthcoming)*
Jennifer S. Hagerman, Esq.   *(Motion for Admission Pro Hac Vice forthcoming)*
BURCH, PORTER & JOHNSON, PLLC
130 N. Court Avenue
Memphis, Tennessee 38103
Tele: (901) 524-5000 (direct dial)
Fax:  (901) 524-5024 (facsimile)
E-mail:  lkrupicka@bpjlaw.com
E-mail:  jhagerman@bpjlaw.com
   *Counsel for Defendant AutoZone Stores, Inc.*

NEW/NEW/3115852v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of September, 2009, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Henry L. Marsh, III
Frederick H. Marsh
Hill, Tucker & Marsh, P.L.L.C.
422 E. Franklin Street, Suite 301
Richmond, VA 23219-2226
Phone: (804) 648-9073
Facsimile: (804) 648-2116
E-mail: htm@htm-law.com
*Counsel for Plaintiff*

By:/s/ Paul G. Klockenbrink
Paul G. Klockenbrink (VSB No. 33032)
GENTRY LOCKE RAKES & MOORE LLP
800 SunTrust Plaza
P.O. Box 40013
Roanoke, Virginia 24022-0013
Phone: (540) 983-9300
Fax: (540) 983-9400
Email: paul_klockenbrink@gentrylocke.com
*Counsel for Defendant AutoZone Stores, Inc.*

NEW/NEW/3115852v1