IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| ERICA LAW, | ) |
| | ) Case No. 4:09CV00017 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| AUTOZONE STORES, INC., et al., | ) |
| | ) By: Jackson L. Kiser |
| Defendants. | ) Senior United States District Judge |
| | ) |

Before me is Defendant AutoZone Stores, Inc.'s Motion to Dismiss. The Motion has been thoroughly briefed by all parties, and I heard oral argument on November 23, 2009. This matter is now ripe for decision. For the reasons given below, I will **GRANT** the Motion to Dismiss with respect to Plaintiff's claims for retaliation under Title VII, disability discrimination and retaliation under the Americans with Disabilities Act, and intentional infliction of emotional distress. I will **DENY** the Motion with respect to the claim of racial discrimination under Title VII.

## I.  STATEMENT OF FACTS AND PROCEDURAL BACKGROUND[1]

Plaintiff, Erica Law ("Law'), is an African American woman with a learning disability.[2] (Compl. ¶ 4.) Defendant, AutoZone Stores, Inc. ("AutoZone"), hired Plaintiff as a driver in August 2005 and subsequently promoted her to the position of salesperson at the Danville AutoZone location in 2006. (Id. ¶ 9.) Plaintiff remains a salesperson at that store at this time.

---

[1] The statement of facts is from Plaintiff's Complaint and, at this stage of the case, is presumed to be true.

[2] Neither the Complaint nor any subsequent filings describe the alleged disability in greater detail.

1

(Mem. Supp. Def. AutoZone's Mot. Dismiss 5.)

On or about November 19, 2007,[3] Plaintiff was working at a cash register at AutoZone. (Compl. ¶ 12.) Plaintiff gave Defendant Louis Gibson ("Gibson"), AutoZone's Parts and Sales Manager, a one hundred dollar bill in exchange for five twenty dollar bills. (Id. ¶ 13.) Gibson only gave Plaintiff two twenty dollar bills in return, telling her not to worry about the rest. (Id. ¶ 14.) Seth Davis ("Davis"), AutoZone's Store Manager, counted Plaintiff's drawer, found the sixty dollar shortage, and gave Plaintiff a reprimand despite Plaintiff notifying Davis of Gibson's actions.[4] (Id. ¶ 15-16.) Plaintiff confronted Gibson the following day, to which Gibson replied "I took the money[,] but who are they going to believe, a grey shirt or a damn nigger[?]" (Id. ¶ 18-20.) Plaintiff complained to AutoZone's District Manager, citing the incident with Gibson and Davis, as well as other instances where she received reprimands for actions that similarly situated white employees engaged in without consequence. (Id. ¶ 21, 23.) AutoZone did nothing in response. (Id. ¶ 22.)

Plaintiff filed the immediate lawsuit on May 6, 2009, claiming: (1) racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964; (2) disability discrimination and retaliation under the Americans with Disabilities Act ("ADA"); and (3) intentional infliction of emotional distress ("IIED"). Although Defendant Gibson has not responded, Defendant AutoZone filed a motion to dismiss all claims on September 10, 2009. At a hearing on AutoZone's motion held before me on November 23, 2009, Plaintiff conceded both claims for

---

[3] The Complaint lists the date as November 19, 2006. (Compl. ¶ 12.) However, based on the context, it appears the date should actually be November 19, 2007. (See Compl. ¶ 17; Mem. Supp. Def. AutoZone's Mot. Dismiss 2 n.1.)

[4] This marked the third reprimand Davis had given to Plaintiff. (Compl. ¶ 17.) Davis previously reprimanded Plaintiff for being twenty dollars short on August 15, 2007, and for being late on September 20, 2007. (Id.)

retaliation as well as the disability discrimination claim. The remaining claims are the subject of this Memorandum Opinion.

## II. STANDARD OF REVIEW

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is limited to "the extraordinary case where the pleader makes allegations that show on the face of the complaint some insuperable bar to relief." Browning v. Vecellio & Grogan, Inc., 945 F. Supp. 930, 931 (W.D. Va. 1996) (internal quotation omitted). When considering a motion to dismiss, "the court should accept as true all well-pleaded allegations" and construe those allegations in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). While the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (internal quotation omitted)). Assuming the factual allegations in the complaint are true, they "must be enough to raise a right to relief above the speculative level," or dismissal is appropriate. Twombly, 550 U.S. at 555.

## III. DISCUSSION

### A. Plaintiff's Racial Discrimination Claim is Sufficient to Satisfy the Federal Pleading Requirements

To make out a prima facie case of employment discrimination, Plaintiff must show: "(1)

[s]he is a member of a protected class; (2) [s]he was performing satisfactorily; (3) [s]he suffered an adverse employment action; and (4) similarly situated employees received more favorable treatment." Austen v. HCA Health Servs. of Va., Inc., 5 Fed. Appx. 253, 254 (4th Cir. 2001). AutoZone contends that Plaintiff's Complaint fails to plead the adverse employment action element as a matter of law because a written reprimand, without more, does not constitute an adverse employment action. Due to this defect, AutoZone argues dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff counters that AutoZone is attempting to impose too high a pleading requirement at this early stage. Relying on Swierkiewicz v. Sorema, 534 U.S. 506 (2002), Plaintiff maintains that Rule 8(a) does not require her to plead specific facts establishing a prima facie case of discrimination. Instead, Plaintiff asserts the complaint need only state "I was discriminated [against] because of my race and disability" to survive a motion to dismiss.

Pursuant to Rule 8(a), a plaintiff must set forth "a short and plaint statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). This is not meant to be an onerous burden, and a plaintiff's complaint need only provide the defendant fair notice of both the complaint's claims and the grounds for those claims. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 319 (2007); Chao v. Rivendell Woods, Inc., 415 F.3d 342, 348 (4th Cir. 2005). While Plaintiff is correct that Swierkiewicz reiterated that the Federal Rules of Civil Procedure do not require "*specific* facts *establishing* a prima facie case," Swierkiewicz, 534 U.S. at 508 (emphasis added), Plaintiff is mistaken in asserting that a bare allegation of discrimination, standing alone, is sufficient to withstand a motion to dismiss, see Bass v. E. I. DuPont de Nemours & Co., 324 F.3d 761, 764-65 (4th Cir. 2003). The Fourth Circuit "has not . . . interpreted *Swierkiewicz* as removing the burden of a plaintiff to allege facts sufficient to state

4

all the elements of her claim." Id. at 765. Instead, a plaintiff must allege enough facts to state each element of her claim such that the claim appears plausible on its face. Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 570; Bass, 324 F.3d at 765. The Swierkiewicz Court simply reemphasized that a plaintiff does not have to plead enough facts to *prove* her case to survive a Rule 12(b)(6) motion. Twombly, 550 U.S. at 569-70; Bass, 324 F.3d at 765.

It does appear, however, that Plaintiff has met the threshold requirement to overcome AutoZone's Motion to Dismiss with respect to Plaintiff's claim for racial discrimination. An adverse employment action is an act that "adversely affected the 'terms, conditions, or benefits' of [Plaintiff's] employment." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 650-51 (quoting Gunten v. Maryland, 243 F.3d 858, 865 (4th Cir. 2001)). Typically, an adverse employment action will involve decisions such as hiring, granting leave, discharging, promoting, and compensating. See Page v. Bolger, 645 F.2d 227, 233 (4th Cir. 1981). Defendant AutoZone cites a string of cases for the proposition that a written reprimand is insufficient as a matter of law to constitute an adverse employment action. This interpretation of the relevant case law is mistaken. The precedent clarifies that a reprimand is neither automatically sufficient nor per se insufficient to meet that element of the claim. See Prince-Garrison v. Md. Dep't of Health & Mental Hygiene, 317 Fed. Appx. 351, 353 (4th Cir. 2009). Instead, each case cited by AutoZone indicates that the relevant inquiry is whether the reprimand had tangible, adverse effects on the plaintiff's employment.[5] See id. (upholding the district court's finding that plaintiff did not

---

[5] Additionally, it is worth noting that nearly every case AutoZone cited dealt with summary judgment, not dismissal. Jackson v. Winter, 497 F. Supp. 2d 759, 761 (E.D. Va. 2007); Amirmokri v. Abraham, 437 F. Supp. 2d 414, 416 (D. Md. 2006); Dawson v. Rumsfeld, No. 1:05cv1270, 2006 WL 325867, at *7 (E.D. Va. Feb. 8, 2006); Allen v. Rumsfeld, 273 F. Supp. 2d 695, 698 n.1 (D. Md. 2003); Jeffers v. Thompson, 264 F. Supp. 2d 314, 331 (D. Md. 2003); Newman v. Giant Food, Inc., 187 F. Supp. 2d 524, 526 (D. Md. 2002); Nye v. Roberts, 159 F. Supp. 2d 207, 213-14 (D. Md. 2001). In the only case noted by AutoZone centering on a motion to dismiss, the Fourth Circuit vacated the trial court's dismissal, concluding plaintiff sufficiently pleaded a materially adverse employment action.

5

show disciplinary measures had a "tangible effect[] on employment); Jackson v. Winter, 497 F. Supp. 2d 759, 771 (E.D. Va. 2007) (same); Amirmokri v. Abraham, 437 F. Supp. 2d 414, 423 (D. Md. 2006), aff'd, 266 Fed. Appx. 274 (4th Cir. 2008) (inquiring whether plaintiff's reprimand "affected the terms and conditions of his employment, his opportunities for advancement, or any other aspect of his career"); Dawson v. Rumsfeld, No. 1:05cv1270, 2006 WL 325867, at *7 (E.D. Va. Feb. 8, 2006) (same); Allen v. Rumsfeld, 273 F. Supp. 2d 695, 706 (D. Md. 2003) (same); Jeffers v. Thompson, 264 F. Supp. 2d 314, 330 (D. Md. 2003) ("[I]f evidence shows that a reprimand not only bruises an employee's ego or reputation, but also works a real, rather than speculative, employment injury, the reprimand becomes an adverse employment action." (citations omitted)); Newman v. Giant Food, Inc., 187 F. Supp. 2d 524, 528-29 (D. Md. 2002) (same); Nye v. Roberts, 159 F. Supp. 2d 207, 213-14 (D. Md. 2001) (same). Thus, AutoZone's argument that a reprimand is automatically insufficient as a matter of law is without merit.

Plaintiff's Complaint does not describe the effect of a written reprimand on employee pay, advancement opportunities, or dismissal. Given the fact that a court should construe the allegations of the Complaint in a light most favorable to the plaintiff, Matkari, 7 F.3d at 1134, Ms. Law's complaint does not demonstrate the sort of "insuperable bar to relief" necessary to require dismissal of this claim, Browning, 945 F. Supp. at 931 (internal quotation omitted). Should additional evidence reveal that AutoZone's written reprimands lack the sort of effect necessary to qualify as adverse employment actions, summary judgment in AutoZone's favor may be appropriate.

---

Prince-Garrison, 317 Fed. Appx. 351, 354-55 (4th Cir. 2009).

### B. Plaintiff's Complaint Fails to Plead IIED as a Matter of Law

To plead a claim of IIED, a plaintiff must allege facts sufficient to state the following: "(1) the wrongdoer's conduct was intentional or reckless; (2) the conduct was outrageous and intolerable; (3) there was a causal connection between the wrongdoer's conduct and the emotional distress; and (4) the emotional distress was severe." Harris v. Kreutzer, 271 Va. 188, 203, 624 S.E.2d 24, 33 (2006). AutoZone asserts that Plaintiff has failed to plead the second and fourth elements of IIED as a matter of law, thereby meriting dismissal of the claim under Rule 12(b)(6). Plaintiff responds that the relatively relaxed federal pleading rules apply to state claims brought in federal court, even where Virginia courts would impose heightened pleading requirements. Plaintiff further maintains it has met the threshold imposed by Rule 8(a).

#### i. A single use of a racial epithet, standing alone, is insufficient as a matter of law to constitute outrageous and intolerable conduct

To qualify as outrageous and intolerable, conduct must be more than just insensitive, demeaning, criminal, or tortious. Harris, 271 Va. at 204, 624 S.E.2d at 34; Russo v. White, 241 Va. 23, 27, 400 S.E.2d 160, 162 (1991). The Virginia Supreme Court has defined outrageous and intolerable conduct as behavior that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and [that is] to be regarded as atrocious[] and utterly intolerable in a civilized community." Russo, 241 Va. at 27, 400 S.E.2d at 162.

Although Virginia courts have not specifically addressed whether use of the racial epithet at issue here meets the standard for outrageous and intolerable conduct, abundant case law provides a clear indication that a single utterance of this racial slur is insufficient as a matter of law. In fact, as a general matter, verbal abuse and use of insensitive language will not meet the

bill for outrageous and intolerable conduct for purposes of an IIED claim based on Virginia law. See Webb v. Baxter Healthcare Corp., No. 94-1784, 1995 WL 352485, at *1, 6 (4th Cir. June 13, 1995) (concluding that plaintiff's allegations she was repeatedly ridiculed based on her sex and ethnicity, including the comment such as "You Jews are all alike," were insufficient to plead IIED under Virginia law); Simmons v. Norfolk & Western Ry. Co., F. Supp. 230, 232 (W.D. Va. 1990) (finding plaintiff's allegations that he was "cursed and screamed at in public" and "ordered from job to job to the accompaniment of cursing and shouting" were not sufficient to constitute outrageous and intolerable conduct); Harris, 271 Va. at 204, 624 S.E.2d at 34 (holding that plaintiff's claim that defendant "verbally abused [plaintiff], raised his voice to her, caused her to break down into tears . . . , stated she was 'putting on a show[,]' and accused her of being a faker and malingerer" did not qualify as outrageous and intolerable). Although Defendant Gibson's use of a racial epithet certainly violated well-established norms of etiquette and decency, his conduct was not so extreme as to qualify as "outrageous and intolerable" under the high bar set by the courts of Virginia. Webb, 1995 WL 352845, at *6 ("The conduct here . . . *may* violate contemporary standards of appropriate behavior in the workplace, but we cannot label it an atrocity or 'utterly intolerable in a civilized society.'"). Since the facts alleged in the pleadings fail, as a matter of law, to establish outrageous and intolerable conduct, Plaintiff has not pleaded sufficient facts to address this element of her claim. Dismissal of Count III is therefore appropriate. See Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 570; Bass, 324 F.3d at 765.

> **ii. Plaintiff's Complaint fails to adequately allege severe emotional distress**

The Virginia Supreme Court finds severe emotional distress "only where the distress inflicted is so severe that no reasonable person could be expected to endure it." Harris v.

Kreutzer, 271 Va. 188, 205, 624 S.E.2d 24, 34 (2006). This generally requires a showing such as an objective physical injury caused by the stress, a need for medical attention, confinement to the home or a hospital, or lost income. See Russo v. White, 241 Va. 23, 28, 400 S.E.2d 160, 163 (1991). But see Ruth v. Fletcher, 237 Va. 366, 367, 377 S.E.2d 412, 412 (1989) (holding that a cause of action for IIED may lie even absent objective physical injury). AutoZone argues Plaintiff has failed to plead that her emotional distress was "severe."[6] Plaintiff counters that Defendant is impermissibly attempting to impose the heightened Virginia pleading standards instead of the relaxed federal pleading requirements. Plaintiff further maintains that her Complaint satisfies the federal standards.

Although Virginia courts require plaintiffs to plead IIED with specificity, see Jordan v. Shands, 255 Va. 492, 499, 500 S.E.2d 215, 219 (1998), Plaintiff appears to be correct that her Complaint need only meet the notice pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure to pass muster in this Court, see Hatfill v. New York Times Co., 416 F.3d 320, 337 (4th Cir. 2005). In fact, the Fourth Circuit recently held that a complaint alleging IIED under Virginia law that simply pleads "grievous emotional distress" as an injury is sufficient to meet the pleading requirements of Rule 8(a). Id. at 337. If a plaintiff chooses to plead the "severe emotional distress" element in more detailed terms, however, and if all of those specifically alleged symptoms of emotional distress have been held insufficient as a matter of law by Virginia courts, the trial court can dismiss the action for failure to state a claim. Harris v. Americredit Fin. Servs., No. 3:05cv00014, 2005 WL 2180477, at *3-4 (W.D. Va. Sept. 9, 2005).

In this instance, Plaintiff pleaded "severe emotional distress" in specific terms by alleging

---

[6] The Complaint states Ms. Law "has suffered, and continues to suffer, and will in the future suffer injuries and damages, including embarrassment, inconvenience, humiliation, loss of enjoyment of life, severe mental anguish, pain, suffering, litigation expenses, consequential damages, and other injury." (Compl. ¶ 38.)

9

each symptom of her alleged emotional injury. Some of her specifically alleged claims, such as embarrassment, humiliation, pain, and suffering, have explicitly been held insufficient as a matter of law. See, e.g., Pacquette v. Nestle USA, Inc., No. 4:06cv00060, 2007 WL 1343794, at *5 (W.D. Va. May 7, 2007); Harris, 271 Va. at 204-05, 624 S.E.2d at 34. The balance of Plaintiff's alleged symptoms are indistinguishable from those Virginia courts repeatedly find insufficient to constitute severe emotional distress. See, e.g., Harris, 271 Va. at 204-05, 624 S.E.2d at 34 (affirming that injuries such as "nightmares, difficulty sleeping[,] and extreme loss of self-esteem and depression[] requiring additional psychological treatment and counseling," as well as "mortification, humiliation, shame, disgrace, and injury to reputation" are not so severe that no reasonable person could be expected to endure them); Russo, 241 Va. at 28, 400 S.E.2d at 163 (affirming that plaintiff's allegations that "she was nervous, could not sleep, experiences stress and 'its physical symptoms,' withdrew from activities, and was unable to concentrate at work" did not allege severe emotional distress as a matter of law). Thus, Plaintiff has not pleaded sufficient facts to address this element of her claim, and dismissal of Count III is appropriate on this basis. See Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 570; Bass, 324 F.3d at 765.

## IV. CONCLUSION

For the reasons stated above, I will **GRANT** the Motion to Dismiss with respect to Plaintiff's claims for retaliation under Title VII, disability discrimination and retaliation under the Americans with Disabilities Act, and intentional infliction of emotional distress. I will **DENY** the Motion with respect to the claim of racial discrimination under Title VII.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

Entered this 25th day of November, 2009.

s/Jackson L. Kiser
Senior United States District Judge